<hr />

INHABITANTS OF LINCOLN *vs.* JAMES L. CHAPIN.
SAME *vs.* SAME.

Middlesex.    March 10. — 30, 1882.    ENDICOTT & DEVENS, JJ., absent.

Under the following article in the warrant for the annual meeting of a town, "To determine the manner of collecting taxes," all that the record of the town clerk showed in relation to the choice or appointment of a collector of taxes was as follows: "Motion that the treasurer be collector." *Held*, that the record did not show that the treasurer of the town was chosen collector of taxes.

Under the Gen. Sts. *c.* 12, § 51, a collector of taxes *de facto* is accountable to the town for the payment of taxes actually collected by him; but he is not accountable for taxes refused to be paid to him on the ground that he had no legal authority to collect them.

An assessor of taxes of a town is not liable to an action by the town for neglecting to commit the tax list to the proper collector of taxes, if he commits the warrant to himself under the honest belief that he was authorized by vote of the town to collect the taxes.

THE FIRST CASE was an action of contract, under the Gen. Sts. *c.* 12, § 51, to recover of the defendant, as collector of taxes of the plaintiff town, the amount of the town tax for the year 1875.

THE SECOND CASE was in tort, to recover of the defendant, as assessor of taxes of the plaintiff town, for neglecting to

commit the tax list to the proper collector of taxes, whereby taxes to the amount of more than $500 were lost.

The cases were submitted to the Superior Court, and, after judgment for the defendant in each case, to this court on appeal, upon agreed facts, in substance as follows:

The defendant was duly chosen and sworn one of the selectmen of the plaintiff town for the year 1875; and was duly chosen chairman of that board. The town voted to neglect to choose any assessors of taxes for that year; and the selectmen were duly sworn and acted as assessors of taxes for that year. The defendant was also duly chosen and sworn as treasurer of the town for said year. Under an article in the warrant for the annual town meeting of that year, " To determine the manner of collecting taxes," all of the town clerk's record that relates to the choice of collector, or the appointment of the town treasurer as collector of taxes, was as follows: " Motion that the treasurer be collector."

There were three constables duly chosen and sworn at said meeting for the year, of whom the defendant was not one.

The defendant did not give any bond as collector of taxes for said year, but in 1868 he gave a bond as treasurer. The list of the valuation and of the assessment thereon was duly made by the assessors in said year, as required by law, and was committed by them, with a warrant under their hands, to the defendant, directed to him " as treasurer collector of the town of Lincoln." The defendant proceeded under the warrant to collect most of the taxes assessed in the list. He made sales and conveyances of land for the nonpayment of taxes assessed in said list thereon, but he failed and neglected to collect, and has never collected, all of said taxes; and there now remain uncollected and not abated certain of the taxes named in said list. The defendant was paid out of the treasury of the town in said year for services as selectman, assessor, treasurer and collector of taxes.

The persons who have not paid the taxes assessed upon them and their estates in said list refused to pay them on the ground that the defendant had no legal authority to collect the same.

The warrant for the annual town meeting in 1879, contained the following article: " To see what action the town will take in relation to the unpaid taxes of 1875." The action of the

town under said article was as follows: "Voted to instruct the treasurer to collect the tax of 1875." William F. Wheeler was then and ever since has been the treasurer of the town.

The defendant believed that he was authorized by vote of the town as treasurer to collect the taxes, and he had no actual knowledge, by examination of the same, that the records of the town did not authorize him so to act.

If the defendant was liable in either action, that action was to be sent to an assessor to determine the amount of damages.

*S. Hoar*, for the plaintiff.

*P. H. Cooney*, for the defendant.

C. ALLEN, J. 1. The record does not show that the defendant was chosen collector of taxes. A motion to that effect was made, but it does not appear that it was carried. It would be equally consistent with the record to assume that the motion was defeated or postponed. An omission in a record cannot be supplied from conjecture; but only where the context shows clearly what words are to be added.

2. It not appearing that the defendant was duly chosen collector, he can only be treated as collector *de facto*. As such, he would be accountable to the town for the payment of taxes actually collected by him. He could not be heard to deny that such taxes were committed to him. Gen. Sts. c. 12, § 51. There is nothing in the statement of facts to show that the defendant, at any time while he was acting as collector, or afterwards, was able to collect the taxes in question. It does not appear that they were legally committed to him, or that he had power to enforce the payment of them by the persons assessed therefor, or that he could have collected them as he collected the other taxes. On the other hand, it appears that the persons who have not paid their taxes refused to pay them on the ground that the defendant had no legal authority to collect them. As to such taxes, and under such circumstances, the defendant cannot be held responsible under the statute. It is not necessary to decide what would be the rule of law under a different state of facts.

3. The action against the defendant as assessor cannot be maintained. In the first action, the plaintiffs have contended that the record may properly be construed to mean that the

defendant was chosen collector. If he was so chosen, the primary mistake was that of the town clerk, in omitting to record the vote which was passed, and which it was his duty to record; and, in that case, the mistake of the board of assessors consisted only in erroneously assuming that the town clerk had done his duty with accuracy. There is nothing to show that this may not have been the actual state of facts. But even if we were at liberty to assume that in point of fact the defendant was not chosen collector, thus selecting the alternative most favorable to the maintenance of the second action, the mistake of the assessors, on that supposition, was not a want of integrity or fidelity, such as will subject them to an action in behalf of the town. *Sherburne* v. *Fiske*, 8 Cush. 264. Dillon Mun. Corp. (3d ed.) § 236. On either supposition, the defendant is not liable.

*Judgments affirmed.*